IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **REV. STEVEN SOOS,** | ) |
| **REV. NICHOLAS STAMOS,** | ) |
| **DANIEL SCHONBRUN,** | ) |
| **ELCHANAN PERR** and | ) |
| **MAYER MAYERFELD** | ) |
| Plaintiffs, | ) Case No. 1:20-cv-0651 |
| v. | ) |
| **ANDREW M. CUOMO**, Governor of the State of New York, in his official capacity, | ) **ORDER TO SHOW CAUSE** |
| **LETITIA JAMES**, Attorney General of the State of New York in her official capacity, and | ) |
| **BILL DE BLASIO**, Mayor of the City of New York, in his official capacity, | ) |
| Defendants. | ) |

**Sharpe**, United States Senior District Judge:

**THIS MATTER** coming upon the Court upon the Motion of Plaintiffs for a Temporary Restraining Order ("TRO") and Order to Show Cause why a TRO and Preliminary Injunction ("PI") should not issue; and

**THE COURT NOTING** that Plaintiffs, which include two Catholic priests in northern New York and three Jewish individuals in New York City, allege that Defendants, New York state and local officials, are violating several constitutional and state-law rights by implementing and enforcing several Executive Orders pertaining to the COVID-19 pandemic. Plaintiffs specifically allege that the Executive Orders' prohibition on religious gatherings over a certain size violates

the First and Fourteenth Amendment of the U.S. Constitution and state-law restrictions on the separation of powers and the Governor's use of emergency powers;

**THE COURT NOTING** that Plaintiffs have requested that Defendants be temporarily restrained and preliminary and permanently enjoined from enforcing any gathering limits on Plaintiffs' religious gatherings, or, in the alternative, from enforcing any gathering limits on Plaintiffs' religious gatherings greater than Defendants have imposed on essential retail businesses and the mass demonstrations approved by Defendants Governor Andrew Cuomo and New York City Mayor Bill de Blasio;

**THE COURT NOTING** that Plaintiffs seek the aforementioned relief effective for the upcoming Sabbath at sundown June 12, 2020, and for Masses on June 14, 2020;

**THE COURT FINDING** that Plaintiffs have provided sufficient reasons why the Court should employ an expedited procedure under Local Rule 7.1(e) given the immediacy of Plaintiffs' application.

**IT IS HEREBY ORDERED** that Plaintiffs' application is granted such that the Court will employ an expedited procedure to hear this matter.

**IT IS FURTHER ORDERED THAT**:

1. Defendants show cause why a temporary restraining order and preliminary injunction should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiffs the following relief:

   Restraining Defendants from enforcing any gathering limits on Plaintiffs' religious gatherings, or, in the alternative, from enforcing any gathering limits on Plaintiffs' religious gatherings greater than Defendants have imposed on essential retail businesses and the mass demonstrations approved by Defendants Cuomo and de Blasio.

2. Defendants must submit a brief on this issue of no more than 25 pages on or before _____.

3. The Court shall hold a temporary restraining order and preliminary injunction hearing at _____. The hearing shall be held via Zoom videoconference. The Court shall provide the necessary link to counsel via email prior to hearing.

4. If either party wishes to introduce testimony at the hearing, it must provide reasonable advance notice to the Court and the other party prior to the June 12, 2020 hearing.

5. Plaintiff must serve a copy of this Order and the papers on which it is based on Defendants on or before _____.

Dated: 06/11/2020

                                                          Gary L Sharpe.
United States Senior District Judge