IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **REV. STEVEN SOOS,** | ) |
| **REV. NICHOLAS STAMOS,** | ) |
| **DANIEL SCHONBRUN,** | ) |
| **ELCHANAN PERR** and | ) |
| **MAYER MAYERFELD** | ) |
| Plaintiffs, | ) Case No. |
| v. | ) |
| **ANDREW M. CUOMO**, Governor of the State of New York, in his official capacity, | ) |
| **LETITIA JAMES**, Attorney General of the State of New York in her official capacity, and | ) |
| **BILL DE BLASIO**, Mayor of the City of New York, in his official capacity, | ) |
| Defendants. | ) |

**DECLARATION OF PLAINTIFF'S COUNSEL
PURSUANT TO LOCAL RULE 7.1(e)
(Order to Show Cause)**

Pursuant to 28 U.S.C. § 1746, Christopher A. Ferrara hereby declares under penalty of perjury as follows:

1. Plaintiffs' seek immediate relief by way of temporary restraining order upon an order to show cause which they respectfully request that this Court issue.

2. Plaintiffs' counsel believes that the immediacy of plaintiffs' application for a temporary restraining order (TRO) on an expedited basis is established because they seek an order restraining defendants, their agents, employees, and those acting in concert with them from

enforcing the Governors' executive orders, challenged here, in a manner infringing on Plaintiffs' religious services, which would be effective for the upcoming Sabbath at sundown June 12, 2020, and for Mass on June 14, 2020.

3. Plaintiffs allege that the challenged executive orders of defendant Cuomo infringe on their First Amendment rights to free exercise of religion, freedom of speech, freedom of assembly and freedom of expressive association in that they strictly limit the size of religious and other so-called "non-essential gatherings" to ten persons indoors and outdoors in a "Phase 1" region, where plaintiffs Schonbrun, Perr and Mayerfeld, practitioners of Orthodox Judaism, reside, and only 25% of building capacity indoors and 10% outdoors in "Phase 2" regions, where plaintiffs Soos and Stamos, Catholic priests who minister to three different churches, reside. *See* Verified Complaint, ¶¶ 77-163 and Prayer for Relief, incorporated herein by reference.

4. The ways which these restrictions infringe on plaintiffs' rights, making worship unduly burdensome or even impossible, are detailed in the Verified Complaint: *See* ¶¶ 77-102 as to plaintiffs Soos and Stamos, and ¶¶ 103 to 163 as to plaintiffs Schonburn, Perr and Mayerfeld, incorporated herein by reference.

5. At the same time these restrictions are in place, defendants Cuomo and de Blasio approve of mass demonstrations numbering in the thousands in New York City and other major cities in the state which, plaintiffs allege, clearly violate the gathering restrictions to which defendants continue to subject them and similarly situated people. *See* Verified Complaint at ¶¶ 60-76, incorporated herein by reference.

6. This application is motivated by what plaintiffs allege is a suddenly emerging double standard concerning demonstrations defendants Cuomo and de Blasio have pronounced

more allowable and more important than religious services. *See* Verified Complaint., ¶¶ 62-67 (as to defendant Cuomo) and 68-72 (as to defendants de Blasio).

7. This double standard indicates that the challenged regulations are not, and never were, neutral and generally applicable but rather have targeted religion, even explicitly forbidding "Congregate services within houses of worship" at one point. *See* Verified Complaint, ¶ 127, incorporated herein by reference.

8. Thus, plaintiffs do not believe there is any remaining justification for even one more day of subjection to the challenged gatherings limits. *See* Verified Complaint, ¶¶ 28-59 and 74-76, incorporated herein by reference.

9. At 1:06 I gave notice of this application to opposing counsel—Melanie Sadok for Mayor de Blasi and Adrienne Kerwin for defendants Cuomo and James—by email, which included the text of this Court's text order, ECF No. 6, and my advice that I would be complying with this Court's order to proceed by way of an Order to Show Cause as required by Local Rule 7.1(e). I also provided them by email with a copy of this declaration and the proposed Order to Show Cause by email at 2:11 p.m.

10. I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2020

_____

Christopher A. Ferrara
(Bar No. 51198)
Special Counsel – Thomas More Society
*Counsel for Plaintiffs*