UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

REV. STEVEN SOOS, REV. NICHOLAS STAMOS, DANIEL SCHONBURN, ELCHANAN PERR, and MAYER MAYERFELD,

Plaintiffs,

-against-

ANDREW M. CUOMO, Governor of the State of New York, in his official capacity, LETITIA JAMES, Attorney General of the State of New York in her official capacity, and BILL DE BLASIO, Mayor of the City of New York, in his official capacity,

Defendants.

---------------------------------------------------------------------- x

**DEFENDANT DE BLASIO'S ANSWER**

20-CV-00651

Defendant the BILL DE BLASIO, Mayor of the City of New York, in his official capacity, by his attorney, JAMES E. JOHNSON, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint, except admits that Plaintiffs purport to proceed as set forth therein.

2. Denies the allegations set forth in paragraph 2 of the complaint, except admits that Plaintiffs purport to proceed as set forth therein.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 through 7 of the complaint.

4. Admits the allegations set forth in paragraph 8 of the complaint.

5. Admits the allegations set forth in paragraph 9 of the complaint.

6. Denies the allegations set forth in paragraph 10 of the complaint, except admits that Defendant de Blasio is the Mayor of the City of New York and that he is being sued in his official capacity, and avers that New York State Executive Orders Nos. 202.3 and 202.5 require the City of New York to adhere to any New York State Executive Orders regarding the COVID-19 public health crisis.

7. Admits the allegations set forth in paragraph 11 through 14 of the complaint.[1]

8. Neither admits nor denies the allegations set forth in the introduction paragraphs on page 3 of the complaint, as they constitute legal argument to which no response is required. However, to the extent the Court deems a response necessary, denies the allegations and respectfully refer the Court to the case cited therein for its full content and true meaning.

9. Denies the allegations set forth in paragraph 15 of the complaint.

10. Denies the allegations set forth in paragraph 16 of the complaint, except admits that Governor Cuomo announced that the State increased the maximum fine violations of New York state's social distancing protocol to $1,000.00 and that New York City law enforcement officers have issued Desk Appearance Tickets and summonses for violations of NYC Administrative Code section 3-108, Health Code section 11.31(A)(2) and Executive Law section 24.

11. Denies the allegations set forth in paragraph 17, and respectfully refer the Court to the Guidance Document (attached to the complaint as Exhibits D-G and J) for its complete and accurate content and meaning.

12. Denies the allegations set forth in paragraph 18, except admits that Defendant Cuomo's phased reopening limited non-essential gatherings to ten or fewer people in Phase 1,

and avers that New York City is currently in Phase 4, in which indoor religious services are permitted at no more than 33% of the maximum occupancy for a particular area as set by the certificate of occupancy, and non-essential gatherings must be limited to up to 50 persons outdoors.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

14. Denies the allegations set forth in paragraph 20 of the complaint, except admits that New York State Executive Order No. 202.38, signed by Governor Andrew M. Cuomo on June 6, 2020 provided that houses of worship within regions in Phase Two of re-opening were permitted to have services at no more than 25% of the indoor capacity of such location, and avers that on or about June 26, 2020, Governor Cuomo's Guidance for Religious Ceremonies and Funeral Services noted that in Phase 2 there could be outdoor gatherings of up to 25 people,[2] and respectfully refer the Court to New York State Executive Order No. 202.38 for its full and accurate content and meaning.

15. Denies the allegations set forth in paragraph 21 of the complaint, and avers that New York City was in Phase 1 at the time of the filing of the complaint, and is currently in Phase 4, in which indoor religious services are permitted up to 33% of the maximum occupancy for a particular area as set by the certificate of occupancy.

16. Denies the allegations set forth in paragraphs 22 and 23 of the complaint.

---

[1] Paragraph 11 appears to have a typographical error. Plaintiffs reference "42 U.S.C. section 1920" instead of "28 U.S.C. section 1920" which they reference properly in paragraph 13.

[2] Governor Cuomo's Guidance for Religious Ceremonies and Funeral Services can be located at: https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/ReligiousandFuneralServicesSummaryGuidance.pdf

17. Neither admits nor denies the allegations set forth in paragraph 24 of the complaint as they legal conclusions for which no answer is required, however, to the extent the Court requires an answer, denies the allegations.

18. Denies the allegations set forth in paragraphs 25 and 26 of the complaint.

19. Denies the allegations set forth in paragraph 27 of the complaint, except admits that Plaintiffs purport to proceed as set forth therein.

20. Admits the allegations set forth in paragraph 28 of the complaint, and avers that Executive Order 202 was also based upon the World Health Organization's designation of COVID-19 being a health emergency of international concern, as well as based upon the United States Department of Health and Human Services' declaration of a public health emergency due to COVID-19.

21. Denies the allegations set forth in paragraph 29 of the complaint, except admits that Executive Order 202 was followed by a series of executive orders.

22. Admits the allegations set forth in paragraph 30 of the complaint, and avers that the Orders are also premised on the March 7, 2020 declaration of emergency (Order 202).

23. Denies the allegations set forth in paragraphs 31 and 32 of the complaint, and respectfully refers the Court to Exhibit B annexed to the complaint for its complete and accurate content and meaning.

24. Admits the allegations set forth in paragraphs 33 through 35 of the complaint.

25. Denies the allegations set forth in paragraph 36 of the complaint, and respectfully refers the Court to New York State Executive Order No. 202.6 for its complete and accurate text and meaning.

26. Denies the allegations set forth in paragraph 37 of the complaint, except admits that Governor Cuomo issued New York State Executive Order No. 202.8 on March 20, 2020, which, *inter alia*, directed non-essential employers to reduce their in-person workforce by 100% and stated that any business violating such order "shall be subject to enforcement as if this were a violation of an order pursuant to section 12 of the Public Health Law."

27. Admits the allegations set forth in paragraph 38 of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the complaint.

29. Denies the allegations set forth in paragraphs 40 and 41 of the complaint and respectfully refers the Court to New York State Executive Order 202.31 for its complete and accurate text and meaning.

30. Denies the allegations set forth in paragraphs 42 and 43 of the complaint, except admits that New York State Executive Order 202.32 modified prior orders which prohibited all non-essential gatherings to permit gatherings of ten or fewer people for religious services or ceremony or for Memorial Day services provided that social distancing protocols and disinfection protocols required by the Department of Health are followed, and that New York State Executive Order 202.23 provides that any drive in or remote religious service may continue in excess of the ten person limit so long as there was no contact between participants, and respectfully refer the Court to Executive Order 202.23 for its complete and accurate text and meaning.

31. Denies the allegations set forth in paragraph 44 of the complaint, except admits that by Executive Order 202.33, Governor Cuomo lifted the prohibition of non-essential

gatherings of any size and authorized gatherings for any non-essential gatherings of ten or fewer individuals.

32. Denies the allegations set forth in paragraph 45 of the complaint, except denies knowledge or information sufficient to form a belief regarding where and whether Plaintiffs Soos and Stamos engage in priestly activity, and respectfully refer the Court to New York State Executive Order 202.34 for its complete and accurate content and meaning.

33. Denies the allegations set forth in paragraph 46 of the complaint, except admits that pursuant to Executive Order 202.35, certain businesses in the Finger Lakes, Central New York, Mohawk Valley, Southern Tier and the North Country regions were allowed to reopen subject to the guidance of the Department of Health.

34. Denies the allegations set forth in paragraph 47 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding where Plaintiffs Soos and Stamos conduct their ministry, and except admits that the ten-person gathering limitation was still applicable to religious gatherings on May 29, 2020, and respectfully refers the Court to New York State Executive Order 202.35 for its complete and accurate content and meaning.

35. Denies the allegations set forth in paragraph 48 of the complaint, except admits that pursuant to Executive Order 202.36, certain outdoor, low-risk recreational activities and businesses providing such activities in Phase 1 geographic areas were allowed to reopen subject to the Department of Health guidance, and respectfully refers the Court to New York State Executive Order 202.36 for its complete and accurate content and meaning.

36. Denies the allegations set forth in paragraph 49 of the complaint and respectfully refers the Court to New York State Executive Order 202.36 for its complete and accurate content and meaning.

37. Denies the allegations set forth in the subheading, "Defendant Cuomo's 'Guidance' Document Targets Religion" and admits the allegations set forth in paragraph 50 of the complaint.

38. Denies the allegations set forth in paragraph 51and 52 of the complaint, and respectfully refers the Court to the Guidance Document for its complete and accurate content and meaning.

39. Denies the allegations set forth in paragraph 53 of the complaint, except admits that Mayor de Blasio tweeted as set forth therein.

40. Denies the allegations set forth in paragraph 54 of the complaint, except admits that Mayor de Blasio tweeted as set forth therein.

41. Denies the allegations set fort in paragraph 55 of the complaint, and respectfully refers the Court to the Guidance Document for the complete and accurate text and meaning.

42. Denies the allegations set forth in paragraph 56 of the complaint, except admits that pursuant to Executive Order 202.38, non-essential gatherings in houses of worship were authorized at no greater than 25% of the indoor capacity of such location in Phase 2 geographic areas so long as they adhered to social distancing protocols and cleaning and disinfection protocols required by the Department of Health, and respectfully refers the Court to Executive Order 202.38 for its complete and accurate meaning and content.

43. Denies the allegations set forth in paragraph 57 of the complaint, except admits that the allegations were true as of the date the complaint was signed, and avers that New York City is currently in Phase 4 which allows indoor religious services to be held at no more than 33% of the maximum occupancy for a particular area as set by the certification of occupancy and allows outdoor gatherings of up to 50 people.

44. Denies the allegations set forth in paragraph 58 of the complaint and respectfully refer the Court to the transcript excerpt, annexed to the complaint as Exhibit K to the complaint, for its complete and accurate content and meaning.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the complaint to the extent they refer to Defendant Cuomo, and denies the remainder of the allegations set forth in paragraph 59 of the complaint.

46. Denies the allegations set forth in the subheading, "Defendants Cuomo and de Blasio Exempt Favored Protestors From their 'Social Distancing' Regime," and denies the allegations set forth in paragraphs 60 and 61 of the complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraphs 62 through 67 of the complaint.

48. Denies the allegations set forth in paragraph 68 of the complaint.

49. Denies the allegations set forth in paragraph 69 of the complaint, and respectfully refer the Court to the video referenced in the complaint for its complete and accurate content and meaning.

50. Denies the allegations set forth in paragraph 70, and respectfully refer the Court to the transcript, annexed to the complaint as Exhibit P, for its complete and accurate content and meaning.

51. Denies the allegations set forth in paragraph 71 of the complaint, except admits that Mayor de Blasio spoke at a large gathering of people at Cadman Plaza who had gathered in response to the death of George Floyd where the ten-person limit on gatherings was not observed, and that Mayor de Blasio did not wear a mask while he spoke, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether social distancing as required by the Executive Orders was observed.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the complaint.

53. Denies the allegations set forth in paragraph 73 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Governor Cuomo, and avers that the referenced Exhibit does not mention Mayor de Blasio.

54. Denies the allegations set forth in paragraphs 74 through 76 of the complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 77 through 85 of the complaint, except admits that New York Executive Order 202.38 expanded the limitation on religious gatherings in houses of worship in Phase 2 regions to up to 25% of the indoor capacity of such locations.

56. Denies the allegations set forth in paragraphs 86 and 87 of the complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 88 through 97 of the complaint.

58. Denies the allegations set forth in paragraph 98 of the complaint.

59. Admits the allegations set forth in paragraph 99 of the complaint, and avers that the North Country is now in Phase 4 which allows indoor religious services to be held at no

more than 33% of the maximum occupancy for a particular area as set by the certification of occupancy and allows outdoor gatherings of up to 50 people.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the complaint, except denies that the ten-person limit was not applicable to the George Floyd demonstrations.

61. Denies the allegations set forth in paragraph 101 of the complaint, and avers that ten-person outdoor limit is no longer in effect and that in the North Country outdoor gatherings are limited to no more than 50 persons.

62. Denies the allegations set forth in paragraph 102 of the complaint, except admits that Plaintiffs purport to proceed as set forth therein.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 103 through 113 of the complaint, and avers that the ten-person limitation is no longer applicable in New York City and which allows indoor religious services to be held at no more than 33% of the maximum occupancy for a particular area as set by the certification of occupancy and allows outdoor gatherings of up to 50 people

64. Denies the allegations set forth in paragraphs 114 and 115 of the complaint, except admits that defendant de Blasio appeared in Williamsburg to ensure the dispersal of a large Jewish funeral gathering that was in violation of the Orders.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 116 through 126 of the complaint, except denies that the NYPD or other law enforcement officers working for the City of New York acted improperly or contrary to law or violated Plaintiff Schonbrun's constitutional rights.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127, except admits that the Guidance Document published on April 10, 2020 stated that "all non-essential gatherings or individuals of any size for any reasons (e.g. worship services, parties, celebrations, or other social events) are cancelled or postponed. Congregate services within houses of worship are prohibited."

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 128 through 130 of the complaint, except denies that the NYPD or other enforcement officers working for the City of New York acted improperly or contrary to law or violated Plaintiff Schonbrun's constitutional rights.

68. Denies the allegations set forth in paragraph 131 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Schonbrun's observations.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 132 through 146 of the complaint, except denies that the NYPD or other enforcement officers working for the City of New York acted improperly or contrary to law or violated Plaintiff Perr's constitutional rights.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147, except admits that the Guidance Document issued on April 10, 2020 had prohibited "Congregate services within houses of worship."

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 148 through 153 of the complaint, except denies that the NYPD or other enforcement officers working for the City of New York acted improperly or contrary to law or violated Plaintiffs Perr's and Mayerfield's constitutional rights.

72. Denies the allegations set forth in paragraph 154 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Mayerfield's actions or the actions of "a Sephardic synagogue."

73. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 155 through 159 of the complaint, except denies that the NYPD or other enforcement officers working for the City of New York acted improperly or contrary to law or violated Plaintiff Mayerfield's constitutional rights.

74. Denies the allegations set forth in paragraph 160 of the complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 161 through 163 of the complaint, except denies that the NYPD or other enforcement officers working for the City of New York acted improperly or contrary to law or violated Plaintiff Mayerfield's constitutional rights.

76. In response to paragraph 164 of the complaint Defendant de Blasio re-asserts his responses to paragraphs 1 through 163 of the complaint as if set forth herein.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165.

78. Neither admits nor denies the allegations set forth in paragraphs 166 of the complaint, as they contain legal argument for which no response is required, however if the Court requires a response, denies the allegations.

79. Denies the allegations set forth in paragraph 167 through 177 of the complaint.

80. In response to paragraph 178 of the complaint Defendant de Blasio re-asserts his responses to paragraphs 1 through 163 of the complaint as if set forth herein.

81. Neither admits nor denies the allegations set forth in paragraphs 179 and 180 of the complaint, as they contain legal argument for which no response is required, however if the Court requires a response, denies the allegations.

82. Denies the allegations set forth in paragraphs 181 through 186 of the complaint.

83. In response to paragraph 187 of the complaint Defendant de Blasio re-asserts his responses to paragraphs 1 through 184 of the complaint as if set forth herein.

84. Neither admits nor denies the allegations set forth in paragraph 188 of the complaint as they contain legal argument and conclusions for which no response is required, however if the Court were to deem a response necessary, denies the allegations.

85. Denies the allegations set forth in paragraphs 189 through 197 of the complaint.

86. In response to paragraph 198 of the complaint Defendant de Blasio re-asserts his responses to paragraphs 1 through 195 of the complaint as if set forth herein.

87. Denies the allegations set forth in paragraph 199 of the complaint, and respectfully refers the Court to New York State Executive Orders and to the New York State Executive Law section 29-a for their complete and accurate content and meaning.

88. Denies the allegations set forth in paragraphs 200 through 210 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

89. The complaint fails to state a claim against Defendant de Blasio upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

90. Plaintiffs' rights under the United States Constitution, the laws of the United States, the State of New York or the City of New York have not been violated by Defendant de Blasio or by any employee or agent of the City of New York.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

91. Defendant Cuomo's actions of enacting the Challenged Regulations are not *ultra vires*.

**WHEREFORE**, Defendant de Blasio demands judgment dismissing the complaint as against him, awarding him costs and disbursements in this action, including reasonable attorneys' fees, and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 2, 2020

JAMES E. JOHNSON
Corporation Counsel
of the City of New York
Attorney for Defendant
100 Church Street
New York, NY 10007
(212) 356-4371

By:______/s/_____________________
Melanie V. Sadok (MS 6741)
admitted *pro hac vice*
Ellen Parodi (EP 7312)
admitted *pro hac vice*