UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

REV. STEVEN SOOS,
REV. NICHOLAS STAMOS,
DANIEL SCHONBRUN, ELCHANAN PERR and                    **ANSWER**
MAYER MAYFELD,

                                        *Plaintiffs*,          20-CV-0651

                    -against-                                  (GLS)(DJS)

ANDREW M. CUOMO, Governor of the State of New
York, in his official capacity,

LETITIA JAMES, Attorney General of the State of New
York in her official capacity,

and

BILL DE BLASIO, Mayor of the City of New York, in his
official capacity,

                                        *Defendants*.

---

        Defendants Andrew M. Cuomo and Letitia James, by their attorney, Letitia James,

Attorney General of the State of New York, Adrienne J. Kerwin, Assistant Attorney General, of

counsel, answer the complaint as follows:

        1.      Deny the allegations contained in paragraph 1, except admit that Plaintiffs

challenge Executive Orders issued by Defendant Governor Cuomo.

        2.      Deny the allegations contained in paragraph 2, except admit that Plaintiffs seek

declaratory and injunctive relief.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 3, 4, 5, 6, and 7 of the complaint.

4.     Admit the allegations contained paragraphs 8 and 9 of the complaint.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, except admit that Defendant Mayor Bill de Blasio is Mayor of the City of New York and that Plaintiffs purport to sue him in his official capacity.

6.     Deny the allegations contained in paragraph 11 of the complaint that this action raises federal questions under 42 U.S.C. §§ 1920 and 1988, 28 U.S.C. §§ 2201 and 2201 and supports federal question jurisdiction, and deny that Plaintiffs complaint supports First and Fourteenth Amendment constitutional claims under 42 U.S.C. § 1983, except admit that Plaintiffs rely upon the cited statutes for federal question jurisdiction.

7.     Deny the allegations contained in paragraph 12 of the complaint, except admit that Plaintiffs rely upon the cited statutes for federal question jurisdiction.

8.     Deny the allegations contained in paragraph 13 of the complaint, except admit that Plaintiffs rely upon the cited statutes for their request for relief.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 14 of the complaint that two plaintiffs reside in the Northern District, except admit that venue is proper in the Northern District, and deny any remaining allegations contained in paragraph 14 of the complaint.

10.     Deny the allegations contained in the unnumbered paragraph titled "Introduction" as an incomplete quotation.

11.     Deny the allegations contained in paragraph 15 of the complaint.

12. Deny the allegations contain in paragraph 16 of the complaint, except admit that 10 N.Y.C.R.R. § 66-3.5 includes a maximum fine of $1,000 for violations of 10 N.Y.C.R.R. § 66-3.2, § 66-3.3 and § 66-3.4.

13. Deny the allegations contained in paragraphs 17 and 18 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

15. Deny the allegations contained in paragraph 20 of the complaint, except aver that Executive Order 202.38 was issued on June 6, 2020 "to permit any non-essential gatherings for houses of worship at no greater than 25% of the indoor capacity of such location, provided it is in a geographic area in Phase 2 of re-opening, and further provided that social distancing protocols and cleaning and disinfection protocols required by the Department of Health are adhered to."

16. Deny the allegations contained in paragraphs 21, 22, 23 of the complaint.

17. Deny the allegations contained in paragraph 24 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about the actions of governors and mayors in other states.

18. Deny the allegations contained in paragraphs 25 and 26 of the complaint.

19. Deny the allegations contained in paragraph 27 of the complaint, except admit that Plaintiffs purport to seek the relief stated.

20. Deny the allegations contained in paragraph 28 of the complaint as an incomplete and inaccurate recitation of the Executive Order, except admit that on March 7, 2020, Governor Cuomo issued Executive Order 202, and respectfully refer the court to the Executive Order for its content.

21.     Deny the allegations contained in paragraph 29 of the complaint as an incomplete and inaccurate recitation of the Executive Order, except admit that Executive Order 202 was followed by other Executive Orders, and respectfully refer the court to the Executive Order for its content.

22.     Deny the allegations contained in paragraphs 30, 31, and 32 of the complaint as an incomplete and inaccurate recitation of the Executive Orders and the "New York on Pause" plan, and respectfully refer the court to the Executive Order and the New York on Pause plan for the content.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint, except admit that Mayor de Blasio has issued orders denominated as EO 98, EO 103, and EO113-116, and respectfully refer the court to the Mayor's orders for the content.

24.     Deny the allegations contained in paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 46 of the complaint as an incomplete and inaccurate recitation of the Executive Order and the "New York on Pause" plan, and respectfully refer the court to the Executive Order and the New York on Pause plan for the content.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

26.     Deny the allegations contained in paragraphs 48 and 49 of the complaint as an incomplete and inaccurate recitation of the Executive Order and the "New York on Pause" plan, and respectfully refer the court to the Executive Order and the New York on Pause plan for the content.

27.     Deny the allegations contained in paragraphs 50 and 51 of the complaint as an incomplete and inaccurate recitation of the Guidance, and respectfully refer the court to the Guidance for the content.

28.     Deny the allegations contained in paragraph 52 of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53 and 54 of the complaint.

30.     Deny the allegation contained in paragraph 55 of the complaint that the Guidance targeted religion, deny the remaining allegations contained in paragraph 55 of the complaint as an incomplete and inaccurate recitation of the Guidance, and respectfully refer the court to the Guidance for the content.

31.     Deny the allegations contained in paragraphs 56, 57, and 58 of the complaint as an incomplete and inaccurate recitation of the Executive Order, and respectfully refer the court to the Executive Order for the content.

32.     Deny the allegations contained in paragraph 59 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mayor de Blasio.

33.     Deny the allegations contained in paragraphs 60 and 61 of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the complaint.

35.     Deny the allegations contained in paragraph 63 of the complaint, except admit that during a press briefing on June 1, Governor Cuomo condemned violence.

36.     Deny the allegations contained in paragraph 64 of the complaint.

37.     Deny the allegations contained in paragraphs 65 and 66 of the complaint, except respectfully refer the court to the transcript of the June 4, 2020 press briefing  and admit those statements consistent with the transcript..

38.     Deny the allegations contained in paragraph 67 of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 68, 69, 70, 71, 72, 73, 74, 75, and 76 of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 77, 78, 79, 80, 81, 82, 83, and 84 of the complaint.

41.     Deny the allegations contained in paragraphs 85 and 86 of the complaint as an incomplete and inaccurate recitation of the Executive Order, and respectfully refer the court to the Executive Order for the content.

42.     Deny the allegations contained in paragraph 87 of the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 88, 89, 90, 91, 92, 93, and 94 of the complaint.

44.     Deny the allegations contained in paragraph 95 of the complaint, but deny knowledge or information sufficient to form a belief as to whether the chapel in Massena holds 350, whether the 25% capacity limitation will not permit a single daily Mass for 120-130 students when they return to school, or whether the 25% limitation will disrupt the school's schedule.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the complaint.

46.     Deny the allegations contained in paragraphs 97, 98, and 99 of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the complaint.

48.     Deny the allegations contained in paragraphs 101 and 102 of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 103, 104, 105 and 106 of the complaint.

50.     Deny the allegations contained in paragraph 107 of the complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 108, 109, 110, 111, 112, 113 and 114 of the complaint.

52.     Deny the allegations contained in paragraphs 115, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mayor de Blasio.

53.     Deny the allegations contained in paragraph 116 of the complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 117, 118, 119, 120, 121, 122, 123, 124, 125, and 126 of the complaint.

55.     Deny the allegation contained in paragraph 127 of the complaint that Governor Cuomo published the Guidance, deny the remaining allegations contained in paragraph 127 of the complaint as inaccurate and incomplete recitation of the Guidance, except admit that the Guidance was issued by the Empire State Development Corporation on April 9, 2020.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the complaint.

57.     Deny the allegations contained in paragraph 129 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the age of Plaintiff's son.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 130, 131, 132, 133, 134, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, and 146 of the complaint.

59.     Deny the allegations contained in paragraph 147 of the complaint as an incomplete and inaccurate recitation of the Executive Order, and respectfully refer the court to the Executive Order for the content.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the complaint.

61.     Deny the allegations contained in paragraph 149 of the complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 150, 151, 152, 153, 154, 155, 156, 157, 158, and 159 of the complaint.

63.     Deny the allegations contained in paragraph 160 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mayor de Blasio.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 161, 162, and 163 of the complaint.

65.     As to the allegations contained in paragraph 164 of the complaint, Defendants repeat their responses to the previous paragraphs of the complaint as if fully set forth herein.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the complaint.

67.     Deny the allegations contained in paragraphs 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, and 177 of the complaint.

68.     As to the allegation contained in paragraph 178, Defendants repeat their responses to the previous paragraphs of the complaint as if fully set forth herein.

69.     Deny the allegations contained in paragraphs 179, 180, 181, 182, 183, 184, 185, and 186 of the complaint.

70.     As to the allegation contained in paragraph 187, Defendants repeat their responses to the previous paragraphs of the complaint as if fully set forth herein.

71.     Deny the allegations contained in paragraphs 188, 189, 190, 191, 192, 193, 194, 195, 196, and 197 of the complaint.

72.     As to the allegation contained in paragraph 198 of the complaint, Defendants repeat their responses to the previous paragraphs of the complaint as if fully set forth herein.

73.     Deny the allegations contained in paragraph 199 of the complaint, except admit that Executive Law § 29-a provides Governor Cuomo with the statutory basis to issue Executive Orders, and respectfully refer the court to the statute for its content.

74.     Deny the allegations contained in paragraphs 200, 201, 202, 203, and 204 as inaccurate and incomplete recitations of the statutory and constitutional provisions cited.

75.     Deny the allegations contained in paragraphs 205, 206, 207, 208, 209, and 210 of the complaint.

76.     As to the allegations contained under the heading "**PRAYER FOR RELIEF**," deny that Plaintiffs are entitled to any of the relief sought.

### Defenses

1.     The complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are moot, in whole or in part.

3.     To the extent that the complaint seeks the federal court to interpret New York State Executive Law § 29-a, and the Governor's authority thereunder, the court must abstain.

WHEREFORE, Defendants Andrew M. Cuomo and Letitia James respectfully ask that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall deem is just and equitable.

Dated:  Albany, New York
        October 2, 2020

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants Andrew M. Cuomo and
        Letitia James
The Capitol
Albany, New York  12224

By: _s/ Adrienne J. Kerwin_
Adrienne J. Kerwin
Assistant Attorney General, of Counsel
Bar Roll No. 105154
Telephone: (518) 776-2608
Fax: (518) 915-7738 (not for service of papers)
Email: Adrienne.Kerwin@ag.ny.gov

TO (via ECF): Christopher A. Ferrara
              Melanie V. Sadok
              Ellen Parodi