**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK**

REV. STEVEN SOOS, REV. NICHOLAS STAMOS, )
JEANETTE LIGRESTI, as parent and guardian of infant )
plaintiffs P.L. and G.L, DANIEL SCHONBRUN, )
ELCHANAN PERR, MAYER MAYERFELD, MORTON )
AVIGDOR. )

)

Plaintiffs, )

v. )

)

ANDREW M. CUOMO, Governor of the State of New York, in )
his official capacity; LETITIA JAMES, Attorney General of the )
State of New York in her official capacity; KEITH M. )
CORLETT, Superintendent of the New York State Police, in his )
official Capacity; HOWARD A. ZUCKER, M.D., New York )
State Commissioner of Health, in his official capacity; BETTY )
A. ROSA, Interim Commissioner of the New York State )
Education Department, in her official capacity; EMPIRE )
STATE DEVELOPMENT CORPORATION ("ESD"), a New )
York State Public Benefit Corporation; BILL DE BLASIO, )
Mayor of the City of New York, in his official capacity; DR. )
DAVE A. CHOKSHI, New York City Commissioner of Health, )
in his official capacity; TERENCE A. MONAHAN, Chief of )
the New York City Police Department, in his official capacity; )
RICHARD CARRANZA, Chancellor of the New York City )
Department of Education in his official capacity. )

)

)

Defendants. )

Case No.

1:20-cv-00651-GLS-DJS

**Order to Show Cause**

**Sharpe**, United States Senior District Judge

**THIS MATTER** coming upon the Court upon the Motion of Plaintiffs for a Temporary Restraining Order ("TRO") and Order to Show Cause why a TRO and Preliminary Injunction ("PI") should not issue; and

**THE COURT NOTING** that Plaintiffs, which include two Catholic priests in northern New York, four Jewish individuals in New York City, and two Catholic school children in New York City, allege that Defendants, New York state and local officials, are violating several constitutional rights by implementing and enforcing Executive Order 202.68 and the concomitant "Cluster Action Initiative" and Empire State Development Interpretive Guidance. Plaintiffs specifically allege that EO 202.68's imposition of new and draconian closure and/or gathering-size limits on "houses of worship" and religious schools in Red, Orange, and Yellow Zones violates the First and Fourteenth Amendment of the U.S. Constitution.

**THE COURT NOTING** that Plaintiffs have requested that Defendants be temporarily restrained from enforcing any gathering limits and COVID-19 testing requirements on Plaintiffs' religious gatherings and religious education, or, in the alternative, from enforcing any gathering limits and COVID-19 testing requirements on Plaintiffs' religious gatherings and religious education greater than Defendants have imposed on similarly situated essential and/or exempted non-essential businesses and essential gatherings under EO 202.68.

**THE COURT NOTING** that Plaintiffs seek the aforementioned relief effective for the upcoming Sabbath at 6 p.m. tonight, October 9, 2020, the beginning of a high holy day of the Jewish religion, and before the beginning of school next week on Monday, October 12, 2020, given the closure of religious schools effective today under EO 202.68.

**THE COURT FINDING** that Plaintiffs have provided sufficient reasons why the Court should employ an expedited procedure under Local Rule 7.1(e) given the immediacy of Plaintiffs' application.

**IT IS HEREBY ORDERED THAT**:

1. Defendants show cause why a temporary restraining order should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiffs the following relief:

   Restraining Defendants from enforcing any gathering limits on Plaintiffs' religious gatherings or religious education, or, in the alternative, from enforcing any gathering limits on Plaintiffs' religious gatherings or religious education greater than Defendants have imposed on similarly situated essential businesses or exempted non-essential businesses and essential gatherings under EO 202.68.

2. Defendants must submit a brief on this issue of no more than 25 pages on or before

   _____

3. The Court shall hold a temporary restraining order hearing at

   _____. The hearing shall be held via Zoom videoconference. The Court shall provide the necessary link to counsel via email prior to hearing.

4. If either party wishes to introduce testimony at the hearing, it must provide reasonable advance notice to the Court and the other party prior to the ………….., 2020 hearing.

5. Plaintiff must serve a copy of this Order and the papers on which it is based on Defendants on or before _____.

Dated: 10/09/2020

_____
Gary L. Sharpe
United States Senior District Judge

**CERTIFICATION IN COMPLIANCE WITH FED. R. CIV. P. 65(b)**

Notice of this application for an Order to Show Cause why a temporary restraining order should not issue has been provided to opposing counsel by the ECF system and by separate email.

Date: October 9, 2020

<u>s:// Christopher A. Ferrara-</u>
Christopher A. Ferrara
*Counsel for Plaintiffs*