# CHRISTOPHER A. FERRARA

SPECIAL COUNSEL – THOMAS MORE SOCIETY
148-29 CROSS ISLAND PARKWAY
WHITESTONE, NEW YORK 11357
(718) 357-1040
Fax (718) 357-4926
cferrara@thomasmoresociety.org

*Admitted NY, NJ & SC*
Practice limited to non-profit and public interest law

New Jersey Office:
Thomas More Society
Eastern Regional Headquarters
402 Route 46 East
Suite 7
Fairfield, NJ 07004

October 15, 2020

**By Electronic Case Filing**
The Honorable Gary L. Sharpe
Senior United States District Judge
United States District Court for the
 Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 112
Albany, New York, 12207

Re: *Soos, et al. v. Cuomo, et al.*
     Civil Action No.: 1:20-cv-00651-GLS-DJS

Dear Judge Sharpe:

     I write pursuant to your Text Only Order of October 9, 2020 directing plaintiffs to update their status report, (ECF No. 56). Today, October 15, 2020, plaintiffs filed an updated application for a temporary restraining order and preliminary injunction, including an updated Order to Show Cause (now also seeking a preliminary injunction), an updated Memorandum in Support, and attendant Exhibits and Declarations (ECF No. 69). Today plaintiffs also completed service on all defendants (original and new) named in their First Amended Complaint. Service included service of both the original Complaint and Exhibits (ECF No. 1) and the Amended Complaint and Exhibits on the new State defendants, the First Amended Complaint and Exhibits (ECF No. 57) on all defendants, and the updated application for a temporary restraining order and preliminary injunction (ECF No. 69) on all defendants, including the whole of what is contained in ECF No. 69. Affidavits of service will follow shortly as to those defendants for whom service by email was not agreed (those being the new State defendants).

With respect to other lawsuits filed against Governor Cuomo's new Executive Order 202.68 and its "Cluster Action Initiative," on October 9th Judge Matsumoto issued only a text order denying a temporary restraining order and preliminary injunction in *Agudath Israel of America v. Cuomo*, No. 20-cv-4834 (E.D.N.Y.) (stating that plaintiffs were unlikely to succeed on the merits), and Judge Komitee denied a temporary restraining order in *The Roman Catholic Diocese of Brooklyn v. Cuomo*, No. 20-cv-4844 (E.D.N.Y.) Judge Komitee, sitting by designation on an emergency basis, issued a short written opinion (attached as Exhibit A) after an October 9th hearing stating that although "the Governor of New York made remarkably clear that this Order was intended to target" a particular "set of religious institutions, . . . [n]evertheless, the government is afforded wide latitude" under *Jacobson*. (Ex. A. at 3-4). However, this afternoon Judge Garaufis, the original assigned judge, held a prolonged preliminary injunction hearing considering live testimony and additional evidence, and the result is pending. As of 4:30 p.m. the hearing was still in progress.

In addition, yesterday, October 14, a different set of Jewish plaintiffs, three synagogues, filed yet another lawsuit against EO 202.68 and the "Cluster Action Initiative," this time in the Southern District of New York in *Congregation of Yesheos Yakov, et al., v. Cuomo*, 7:20-cv-8580 (S.D.N.Y.). The status of that case is pending.

Finally, yesterday defendant Cuomo issued Executive Order 202.69, which directs the withholding of all state funding of yeshivas and Catholic schools that do not comply with his COVID-19 restrictions, including the Red, Orange and Yellow zones of his "Cluster Action Initiative," which mandate total closure of schools in the Red and Yellow zones and the restriction of churches and synagogues to ten people maximum in the Red zone and 25 people maximum in the Orange zone.

Respectfully submitted,

s/ Christopher A. Ferrara

Special Counsel -Thomas More Society
Counsel for Plaintiffs

CAF:jao
**Attachment (1)**
xc: Melanie V. Sadok, Esq. (via ECF)
Adrienne J. Kerwin, A.A.G. (via ECF)

P.S.  I should note that by its terms Order 202.68 extends to November 9, although, as our papers show, defendant Cuomo advises that his "Cluster Action Initiative" is expected to last for at least a year.  Order 202.69, withholding funding to schools, contains a November 13 expiration date, but that is subject to renewal.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

THE ROMAN CATHOLIC DIOCESE OF
BROOKLYN, NEW YORK,

                Plaintiff,

-against-

GOVERNOR ANDREW M. CUOMO in his
official capacity,

                Defendant.

-------------------------------------x

**MEMORANDUM & ORDER**
20-cv-4844(NGG)(CLP)

ERIC KOMITEE, United States District Judge:

      The Plaintiff in this case, the Roman Catholic Diocese of Brooklyn, seeks a temporary restraining order and preliminary injunction against Governor Cuomo's Executive Order No. 202.68 ("Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency") (hereinafter the "Emergency Order"). The Emergency Order significantly restricts attendance at "houses of worship" in certain parts of New York, in response to a large uptick in COVID-19 infection rates.[1] Plaintiff contends that the Order, as applied to it, violates the Free Exercise Clause of the First Amendment.

---

[1] This case is assigned to the Honorable Nicholas G. Garaufis. Because Judge Garaufis was unavailable to hear the case on an expedited basis, the undersigned (as the assigned Miscellaneous Judge) heard oral argument, and issued this Order shortly thereafter. The case will revert to Judge Garaufis for all purposes going forward.

1

Under Supreme Court precedent, the right to freely exercise one's religion does not exempt worshippers from compliance with "neutral, generally applicable regulatory law[s]." *Emp. Div., Dep't of Human Res. v. Smith*, 494 U.S. 872, 880 (1990). But where laws single out acts of worship for "distinctive treatment," courts must apply the "most rigorous of scrutiny." *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 534 (1993). "When the government makes a value judgment in favor of secular motivations but not religious motivations, the government's actions must survive heightened scrutiny." *Fraternal Order of Police Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359, 366 (3d Cir. 1999). The challenge here is to determine whether this case is more like *Smith* — that is, a neutral law that incidentally burdens religion — or more like *Lukumi* and *Fraternal Order*, where religious worship was being singled out for disfavored treatment.

On its face, the Executive Order applies differently to religious exercise: it regulates houses of worship explicitly, and applies a capacity limit unique to them. *See* Emergency Order at 2 ("[H]ouses of worship shall be subject to a capacity limit of 25% of maximum occupancy or 10 people, whichever is fewer . . . ."). There are entities treated better than religious institutions in the "red zone" — namely, entities deemed "Essential Businesses" — but other entities treated more

2

restrictively, such as restaurants and even schools, which are closed entirely (for in-person activities).  *Id.* at 2.

This is a difficult decision for two reasons.  First, this case is different from previous COVID-related Free Exercise challenges in this Circuit, which involved the application of facially neutral executive orders that nonetheless burdened religion.  *See Ass'n of Jewish Camp Operators v. Cuomo*, No. 20-CV-0687, 2020 WL 3766496 (N.D.N.Y. July 6, 2020) (Free Exercise challenge to executive order regarding summer camp attendance); *Soos v. Cuomo*, No. 20-CV-0651, 2020 WL 3488742 (N.D.N.Y. June 26, 2020) (Free Exercise challenge to executive order banning gatherings of fifty people or more).  This Emergency Order, as noted above, contains provisions made expressly applicable to houses of worship.  Second, the Governor of New York made remarkably clear that this Order was intended to target a different set of religious institutions.  *See* "Governor Cuomo Is a Guest on CNN Newsroom with Poppy Harlow and Jimmy Sciutto," October 9, 2020, https://www.governor.ny.gov/news/audio-rush-transcript-governor-cuomo-guest-cnn-newsroom-poppy-harlow-and-jim-sciutto ("[T]he cluster is a predominantly ultra-Orthodox [Hasidic] community. . . . . [T]he issue is with that ultra-Orthodox community.").  Plaintiff appears to have been swept up in that effort despite having been mostly spared, so far at least, from the problem at hand.

3

Nevertheless, the government is afforded wide latitude in managing the spread of deadly diseases under the Supreme Court's precedent. *See Jacobson v. Massachusetts*, 197 U.S. 11, 27, 31 (1905) ("[A] community has the right to protect itself against an epidemic of disease which threatens its members," and judicial scrutiny should be limited to laws that have "no real or substantial relation to" that purpose). For this reason, courts have rejected similar claims under the Free Exercise Clause. In *Elim Romanian Pentecostal Church v. Pritzker,* 962 F.3d 341, 344 (7th Cir. 2020), for example, the Court of Appeals denied a similar injunction, holding that "[w]orship services do not seem comparable to secular activities permitted under the Executive Order, such as shopping, in which people do not congregate or remain for extended periods." Likewise, in *South Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020), a majority of the justices declined to enjoin a California Executive Order limiting attendance at religious institutions in light of COVID-19. Relying on *Jacobson,* Chief Justice Roberts noted that the "Constitution principally entrusts the safety and health of the people to the politically accountable officials of the States to guard and protect." *Id.* at 1614 (cleaned up). On that basis, he concluded that it was "quite improbable" that restrictions like the one at issue here would be found unconstitutional. *Id.*

4

Relying on these cases, among others, another judge in this District today upheld the Executive Order at issue here. See *Agudath Israel of America v. Cuomo*, No. 20-cv-4834 (E.D.N.Y.) (Order of Judge Kiyo Matsumoto dated October 9, 2020). There are cases that have gone the other way in response to similar provisions. *See, e.g., Roberts v. Neace*, 958 F.3d 409 (6th Cir. 2020); *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610 (6th Cir. 2020); *Soos v. Cuomo*, 2020 WL 3488742 (N.D.N.Y. June 26, 2020). But in light of *Jacobson* and the Supreme Court's recent decision in *South Bay,* it cannot be said that the Plaintiff has established a likelihood of success on the merits. *See, e.g., Able v. United States*, 44 F.3d 128, 130 (2d Cir. 1995). And given the severity and complexity of the pandemic, it cannot be said, on this record, that the balance of equities favors the Plaintiff. *Winter v. Nat. Res. Def. Coun., Inc.*, 555 U.S. 7, 20 (2008) (2008).

Accordingly, Plaintiff's motion for a temporary restraining order is denied. Plaintiff may apply to Judge

5

Garaufis for a preliminary injunction, as the record may be developed more fully.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:     October 9, 2020
           Brooklyn, New York

6