**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**REV. STEVEN SOOS et al.,**

          **Plaintiffs,**

          **v.**

**ANDREW M. CUOMO et al.,**

          **Defendants.**
_____

**1:20-cv-651**
**(GLS/DJS)**

## SUMMARY ORDER

In an October 30, 2020 Memorandum-Decision and Order (hereinafter "the October 2020 Order"), the court denied plaintiffs Reverend Steven Soos, Reverend Nicholas Stamos, Daniel Schonbrun, Elchanan Perr, Mayer Mayerfeld, Jeanette Ligresti, as parent and guardian of infant plaintiffs P.L. and G.L., and Morton Avigdor's third motion for a temporary restraining order or preliminary injunction.  (Dkt. Nos. 69, 96.)  Plaintiffs sought an order restraining and enjoining defendants Andrew M. Cuomo, Governor of the State of New York, Letitia James, Attorney General of the State of New York, Keith M. Corlett, Superintendent of the New York State Police, Howard A. Zucker, M.D., New York State Commissioner of Health, Betty A. Rosa, Interim Commissioner of the New York State Education

Department, Empire State Development Corporation, Bill de Blasio, Mayor of the City of New York, Dave A. Chokshi, New York City Commissioner of Health, Terence A. Monahan, Chief of the New York City Police Department, and Richard Carranza, Chancellor of the New York City Department of Education, from enforcing certain limitations as to plaintiffs' religious gatherings and religious education of their children, or, alternatively, from enforcing such limitations in a way that is greater than what defendants have imposed on similarly situated essential and/or exempted non-essential businesses and gatherings under Governor Cuomo's Executive Order 202.68, *i.e.*, the "Cluster Action Initiative." (*See generally* Dkt. No. 69.)

The court denied plaintiffs' motion pursuant to *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), and its progeny, as it was unlikely to succeed on the merits, and an injunction would not have been in the public interest. (Dkt. No. 96.) Specifically, plaintiffs were unlikely to succeed on the merits under the rational basis test because, among other things, the Cluster Action Initiative treats religious gatherings more favorably than their comparators, and, even assuming that strict scrutiny applied, the injunction would not have been in the public interest. (*Id.* at 17-19.) Plaintiffs then

appealed.  (Dkt. No. 97.)

Now pending is plaintiffs' motion for an injunction pending appeal brought by order to show cause.  (Dkt. No. 101.)  Specifically, plaintiffs move to enjoin, during the pendency of the appeal, defendants from enforcing the Cluster Action Initiative "in any manner that imposes capacity limits on [p]laintiffs' religious gatherings, houses of worship, and religious activities in a more restrictive manner than those imposed on comparable essential businesses, re-opened non-essential businesses, and 'essential' gatherings."  (*Id.* at 8.)

In addition to incorporating by reference all of their previously-advanced arguments, as well as raising disagreements with the court's conclusions in the October 2020 Order, plaintiffs additionally argue that the Cluster Action Initiative is unconstitutional in light of Governor Cuomo's recent decision to permit schools, which, in plaintiffs' view, are comparators of religious gatherings, to stay open in the red and orange zones.  (*Id.* at 8-12.)  In response, defendants assert that the pending motion should be denied for the same reasons described in the October 2020 Order, and they add that schools are not comparators of religious gatherings because, among other things, it would be "impossible" for

3

houses of worship to comply with the testing regimen required of schools, and "school attendees . . . are known, and their movements within the school environment can be tracked and coordinated." (Dkt. No. 104 at 3-11; Dkt. No. 105, Attach. 2 at 6-11.)

Subsequent to plaintiffs filing of the pending motion, the Second Circuit issued a decision regarding similar challenges to the Cluster Action Initiative. *See Agudath Israel of Am. v. Cuomo*, Nos. 20-3572, 20-3590, 2020 WL 6559473 (2d Cir. 2020). In denying motions for injunctions pending appeal, the Second Circuit found that the Cluster Action Initiative "subjects religious services to restrictions that are similar to or, indeed, *less severe than* those imposed on comparable secular gatherings," and, thus, the restrictions "do not run afoul of the Free Exercise Clause." *Id.* at *2-3 (citations omitted).

A party seeking an order suspending, modifying, restoring, or granting an injunction while an appeal is pending "must ordinarily move first in the district court" for that relief. Fed. R. App. P. 8(a)(1)(C). In determining whether to grant a stay or an injunction pending appeal, courts consider: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3)

4

whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *Columbus Ale House, Inc. v. Cuomo*, No. 20-cv-4291, 2020 WL 6507326, at *1 (E.D.N.Y. Nov. 5, 2020) (quoting *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994)).

Here, plaintiffs are not entitled to an injunction pending appeal because they have not demonstrated a substantial possibility of success on appeal. The Second Circuit "review[s] a district court's decision to deny a preliminary injunction for abuse of discretion." *Libertarian Party of Conn. v. Lamont*, 977 F.3d 173, 176 (2d Cir. 2020) (citation omitted). "A district court abuses its discretion when it rests its decision on a clearly erroneous finding of fact or makes an error of law." *Id.* (citation omitted).

While the court appreciates plaintiffs' position, it is constrained by *Jacobson* and *Agudath Israel*, and, thus, it did not abuse its discretion in finding that plaintiffs' motion was unlikely to succeed on the merits and that the requested relief would disserve the public interest. Accordingly, plaintiffs' motion for an injunction pending appeal is denied for the same reasons as articulated in the October 2020 Order.

Accordingly, it is hereby

5

**ORDERED** that plaintiffs' motion for an injunction pending appeal (Dkt. No. 101) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 23, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge